UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., <br>     Plaintiffs, <br><br> v. <br><br> SOFROCK INTERNATIONAL INC., <br>     Defendant. | Civil Action No. 1:16cv1489 |

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiffs' Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. 10.) When no representative for defendant appeared at the hearing on June 9, 2017, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[1]

I. INTRODUCTION

**A. Background**

Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), the Amended Complaint ("Am. Compl.")(Dkt. 4), plaintiffs' Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Mot. Default J.") (Dkt. 10), the Memorandum of Law in Support of Plaintiffs' Motion for Judgment by Default Under Federal Rule of Civil Procedure 55(b) ("Mem. Supp. Mot. Default J.") (Dkt. 11), the Declaration of Michelle Woolley ("Woolley Decl.") (Dkt. 11-1), the Declaration of Daniel Keenan("Keenan Decl.") (Dkt. 11-6), Jennings Sigmond, P.C. Itemization of Legal Fees and Costs ("Legal Fees Itemization") (Dkt. 11-7), and all attachments and exhibits submitted with those filings.

1

Trust Fund ("SASMI"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMIC"), and the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT") (collectively "plaintiffs" or "Funds"). Plaintiffs are trust funds established and maintained under 29 U.S.C. § 186(c). (Am. Compl. ¶¶ 4-13; Woolley Decl. ¶¶1, 2.) Plaintiffs NPF, ITI, and SASMI are also multiemployer plans and employee benefit plans within the meaning of 29 U.S.C § 1002. (Am. Compl. ¶¶ 4-6; Woolley Decl. ¶ 2.)

Defendant, SofRock International Inc., is a New York corporation and an employer in an industry affecting commerce that does business with plaintiffs. (Am. Compl. ¶ 14.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Sheet Metal Workers' International Association Local Union No. 28. (Id. at ¶¶ 15-16; Woolley Decl. ¶ 4; Mem. Supp. Mot. Default J. 2.) Defendant agreed to abide by the terms of that agreement and the Declaration of Trust establishing the Fund. (Am. Compl. ¶ 17; Woolley Decl. ¶ 4-5; Mem. Supp. Mot. Default J. 2.)

Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the

2

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which governs suits among parties to enforce provisions of their collective bargaining agreements. (Am. Compl. ¶ 1; Mem. Supp. Mot. Default J. 1.) Plaintiffs seek unpaid contributions, interest, liquidated damages, audit fees and costs, and attorneys' fees and costs pursuant to ERISA and the collective bargaining agreement. (Am. Compl. 9-10; Mot. Default J. 2-4; Mem. Supp. Mot. Default J. 1.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145, and 185. Under Sections 502 and 515 of ERISA, an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Furthermore, under Section 301 of LMRA, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. § 185(a). In this case, jurisdiction and venue are proper because each Fund is administered in this District. (Am. Compl. ¶ 3; Woolley Decl. ¶ 1.)

This Court has personal jurisdiction over defendant

pursuant to the decision in <u>Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiff that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred from transactions with plaintiffs' office in this district. (Am. Compl. ¶ 14.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. On April 3, 2017, a process server served defendant by delivering a copy of the Complaint and Summons to Sue Zouky, at the office of the New York State Secretary of State, located at 99 Washington Avenue, 6th floor, Albany, NY, who is authorized to accept service of process on behalf of defendant pursuant to New York law, N.Y. C.P.L.R. 311(a)(1) and N.Y. Bus. Corp. Law § 304(a), 306(b)(1).(Dkt. 7.) Therefore, service was proper under Federal Rule of Civil Procedure 4(h) and under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On May 5, 2017, the Clerk

4

of this Court entered default as to defendant pursuant to plaintiffs' Request to Clerk to Enter Default Pursuant to Federal Rule of Civil Procedure 55(a). (Dkts. 8,9.) Plaintiffs filed a Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2) on June 2, 2017. (Dkt. 10.) The undersigned held a hearing on plaintiffs' Motion on June 9, 2017, at which no representative for defendant appeared. (Dkt. 13.)

## II. FINDINGS

Based on the Complaint, plaintiffs' Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2) and the supporting Memorandum, the Declaration of Michelle Woolley, the Declaration of Daniel Keenan, and the documents submitted in proof of damages and attorneys' fees, the undersigned makes the following findings of fact.

Defendant is a New York corporation with its principal place of business in Malverne, New York, and is an employer in an industry affecting commerce within the meaning of ERISA and LMRA. (Am. Compl. ¶ 14.) Defendant owes certain obligations to plaintiffs pursuant to its collective bargaining agreement with Local Union No. 28 of the International Association of Sheet Metal, Air, Rail, and Transportation Workers, formally known as the Sheet Metal Workers' International Association, and the Trust Agreements of the Funds (collectively "the Agreements") to

5

which defendant is accordingly bound. (Am. Compl. ¶¶ 15-17; Woolley Decl. ¶ 4.)

The Agreements require defendant to pay monthly contributions to the Funds for time worked or paid to covered employees. (Am. Compl. ¶ 18(a); Woolley Decl. ¶ 4.) Defendant must also submit monthly remittance reports that detail all employees or work for which contributions to the Funds were required. (Am. Compl. ¶ 18(b); Woolley Decl. ¶ 4.) The completed remittance reports and accompanying contributions must be submitted to the Funds by no later than the twentieth day after the end of each calendar month for hours worked in that month and are delinquent if received thereafter. (Am. Compl. ¶ 20.)

According to the Funds' records, at the time plaintiffs filed the Complaint, and through this litigation, defendant had failed to remit its contributions for the period of February 2014 through July 2014. (Woolley Decl. ¶ 8; Am. Compl. ¶ 26.) Therefore, pursuant to the Agreements and Section 502(g)(2) of ERISA, plaintiffs are entitled to recover the unpaid contributions, along with interest, liquidated damages, audit fees and costs, and attorneys' fees and costs.

### A. Contributions and Fees

Under ERISA, LMRA, and the Agreements, the Funds may recover the following: (1) the full amount of unpaid contributions; (2) interest on unpaid contributions calculated

6

at the rate of 8.5% per annum (0.0233% per day, compounded daily); (3) liquidated damages in an amount equal to the greater of (i) interest on all delinquent contributions, or (ii) 20% of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; (4) audit fees and costs, and (5) reasonable attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts. (Am. Compl. 9-10, ¶¶21-22; Mem. Supp. Mot. Default J. 3,9-10,20.)

The amounts due are summarized as follows for Count I, ERISA, 29 U.S.C. §1145:

| Fund | Contributions | Interest[2] | Liquidated Damages | Total |
|---|---|---|---|---|
| NPF | $12,670.00 | $3,576.19 | $2,534.00 | $18,780.19 |
| ITI | $120.00 | $33.87 | $24.00 | $177.87 |
| SASMI | $2,600.00 | $733.87 | $520.00 | $3,853.87 |
| Total | $15,390.00 | $4,343.93 | $3,078.00 | $22,811.93 |

(Mem. Supp. Mot. Default J. 28.)

The amounts due are summarized as follows for Count II, the Agreements and 29 U.S.C. §185:

| Fund | Contributions | Interest[3] | Liquidated Damages | Audit Fees and Costs | Total |
|---|---|---|---|---|---|
| NPF | $12,670.00 | $3,576.19 | $2,534.00 | $1,230.00 | $20,010.19 |
| ITI | $120.00 | $33.87 | $24.00 | $0.00 | $177.87 |
| NEMIC | $30.00 | $8.47 | $6.00 | $0.00 | $44.47 |
| SMOHIT | $20.00 | $5.64 | $4.00 | $0.00 | $29.64 |
| SASMI | $2,600.00 | $733.87 | $520.00 | $0.00 | $3,853.87 |
| Total | $15,440.00 | $4,358.04 | $3,088.00 | $1,230.00 | $24,116.04 |

(Mem. Supp. Mot. Default J. 27.)

---

[2] Interest was calculated through May 10, 2017.
[3] Interest was calculated through May 10, 2017.

7

The amounts that the NPF, ITI, and SASMI seek in Count II include the amounts they seek in Count I. Those plaintiffs are only entitled to one recovery for the amounts sought. For that reason, the undersigned recommends a total judgment be entered against the defendant in the amount of $24,116.04.

### B. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $8,662.79. (Keenan Decl. ¶ 2; Legal Fees Details.) This amount is based on $7,528.50 in attorneys' fees, which is comprised of 40.7 hours of labor by attorneys and paralegals. (Id.) The hourly rates charged included $195.00 for associate attorney Daniel J. Keenan, $220.00 for attorney shareholder Dawn M. Costa, and $80.00 for paralegal Kevin Kennedy. (Legal Fees Details; Keenan Decl. ¶¶ 2-3.) The above total also includes $1,134.29 in costs. (Legal Fees Details.) In support of this request, plaintiffs submitted the Declaration of Daniel Keenan and an itemized chart of the legal services performed and fees incurred. (Dkts. 11-6 and 11-7.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable

8

attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## III. RECOMMENDATION

The undersigned recommends that default judgment should be entered against defendant in favor of plaintiffs. The undersigned recommends that plaintiffs should recover from defendant a total of $32,778.83, consisting of $15,440.00 in unpaid contributions, $4,358.04 in interest calculated at the rate of 8.5% per annum (0.0233% per day, compounded daily) through May 10, 2017, $3,088.00 in liquidated damages, $1,230.00 in audit fees and costs, and $8,662.79 in attorneys' fees and costs.

IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

SofRock International Inc.
767 Cornwell Avenue
Malverne, New York 11565

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

June 21, 2017
Alexandria, Virginia